IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RIDER,<br><br>             Petitioner,<br><br>      vs.<br><br>R. SUBIA, *et al.*,<br><br>             Respondents. | No. 2:07-cv-00329-JKS-GGH<br><br>ORDER |

      Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On October 30, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Petitioner has filed objections to the Findings and Recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

      Petitioner's objections are essentially a re-argument of his petition and do not directly address the Findings and Recommendations.  Petitioner has not objected to any finding made by the Magistrate Judge.  Liberally construing the objections filed, the Court will treat them as an objection to the legal conclusions.

      It is well settled in this circuit that a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment.

*Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006). It is equally as well settled that a decision of the parole board to deny a prisoner parole must be supported by some evidence in the record. *Id.*, 461 F.3d at 1128–29 (citing *Superintendent v. Hill*, 472 U.S. 445, 457 (1985)). Petitioner challenges the refusal of the California Board of Prison Hearings to grant him a parole on the basis that the decision was based primarily, if not wholly, upon the nature of his commitment offense. The Ninth Circuit has indicated that although the commitment offense provides some evidence of unsuitability for parole, "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation." *Biggs v. Terhune*, 334 F.3d 910, 916–17 (9th Cir. 2003). It is this principle that Petitioner has drawn into issue in this case.

The Court notes that it shares to some extent the frustration expressed by the Magistrate Judge in his Findings and Recommendations regarding the lack of clear guidance from the Court of Appeals on this issue. Where the line of demarcation that triggers a violation of the Due Process Clause referred to in *Biggs* lies is the unknown. It appears to be dependent, at least in significant part, upon the gravity of the commitment offense, how heinous it was, *e.g.*, the extent to which the prisoner acted in callous disregard for human life, the degree of depravity or cruelty shown, the nature of the victim. *See Irons v. Carey*, 505 F.3d 846, 853–54 (9th Cir. 2007).[1] The holding in *Irons* established a bright-line test of sorts, *i.e.*, a crime that is more callous and cruel than that committed by Sass,[2] is sufficient to satisfy due process, despite evidence of exemplary

---

[1] Under California law, the Board must "point to factors beyond the minimum elements of the crime for which the inmate was committed" that demonstrate the inmate will, at the time of the suitability hearing, present a danger to society if released. *In re Dannenberg,* 104 P.3d 783, 786 (Cal. 2005). "Factors beyond the minimum elements of the crime include, (1) the commitment offense, where the offense was committed in 'an especially heinous, atrocious or cruel manner'; (2) the prisoner's previous record of violence; (3) 'a history of unstable or tumultuous relationships with others'; (4) commission of 'sadistic sexual offenses'; (5) 'a lengthy history of severe mental problems related to the offense'; and (6) 'serious misconduct in prison or jail.' " *Irons*, 505 F.3d at 851 n.4, citing Cal.Code. Regs., tit. 15 § 2402(c).

[2] Sass was convicted of second degree murder, gross vehicular manslaughter, hit and run death, causing injury while driving under the influence, and felony drunk driving. He was sentenced to 15 years to life with the possibility of parole. Prior to his conviction of second degree murder, Sass had been convicted on seven separate occasions for DUI.

behavior in prison and evidence of rehabilitation and the lack of a prior criminal record. *Id*. *Irons* did not address the question posed by *Biggs*, at what point in time does the nature of the commitment offense becomes so attenuated that it no longer constitutes "some evidence"?[3]

Petitioner in his notice of supplemental authority has invited the Court's attention to the recent decision in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), the latest pronouncement by the Ninth Circuit in the series of cases involving denial of parole. The Court has carefully reviewed *Hayward* and concluded that it is of minimal, if any, assistance to Petitioner. In *Hayward* the California Board of Prison Terms twice granted Hayward a parole date both of which were reversed by the Governor.[4] The District Court denied Hayward's application for a writ of habeas corpus and the Ninth Circuit, holding his due process liberty interest in parole under California law had been violated, reversed. Hayward, 64 years of age, had served 27 years in prison for second degree murder, for which he had been initially sentenced to a term of 15 years to life. The victim had battered and attempted to rape Hayward's future wife, and Hayward attacked the victim in retaliation for that incident, after being provoked by the victim throwing a beer bottle at him. After finding that the other factors relied upon by the Governor were unsupported by evidence in the record, the Ninth Circuit held (512 F.3d at 546):

> The final basis for the Governor's reversal of Hayward's parole is based on the gravity of Hayward's commitment offense, as the Governor found that Hayward's conduct was particularly heinous. We conclude, however, that in the unusual circumstances of this case, including Hayward's rehabilitation by education and conduct while imprisoned and the Board's successive favorable views of his application for release, Hayward's commitment offense, which occurred twenty-five years ago, cannot demonstrate that Hayward's release will pose an imminent danger to public safety.

From *Biggs*, *Sass*, *Irons* and *Hayward*, a district court can glean certain guiding principles in ruling on a California prisoner's application for a writ of habeas corpus addressed to the denial of parole. First, a California prisoner has a liberty interest in parole protected by the Due Process Clause. Second, the test to be applied is whether some evidence indicates a

---

[3] In *Irons*, as well as *Sass* and *Biggs*, the determination denying parole was made prior to the time that the petitioner had served the minimum term to which he was sentenced.

[4] On July 1, 2005, the California Legislature created the Board of Parole Hearings to replace the Board of Prison Terms.

ORDER
*Rider v. Subia*, 2:07-cv-00329-JKS-GGH         3

parolee's release unreasonably endangers public safety, not whether the findings of the Board (or the Governor) are supported by evidence. Third, at least until such time as the prisoner has served the minimum sentence imposed, denial of a parole date solely upon the basis of the commitment offense more likely than not does not violate the Due Process Clause. Fourth, a district court must examine the record for sufficient evidence to support the findings of the Board (or the Governor in reviewing the decision of the Board) that release unreasonably endangers public safety. Fifth, the extent to which the gravity of the commitment conviction is attenuated by time, assuming that all other factors properly considered are either neutral or positive, is dependent upon (1) the nature of the commitment offense and (2) there has been a significant time lapse since the offense was committed.

Applying these principles to the case at bar, the Court concurs with the Magistrate Judge. The facts of the crime are set out in the Findings and Recommendations and, in the interests of brevity, are not repeated here except to the extent necessary to understand the Court's decision. Petitioner beat and battered a six-month old infant, causing her death. The pathologist's report indicated that the cause of death was a blunt force trauma inflicted to the head/skull of the infant. The skull was fractured in several places, which, according to the pathologist, was likely due to the infant's head having been stricken with a blunt object, stricken against a blunt surface such as a wall or floor, or stomped with shoes. Petitioner was convicted of second-degree murder, for which he was sentenced to an indefinite term of 15 years to life. Petitioner, at the time he was denied parole, had served 16 years.

Petitioner's crime was no doubt more heinous and cruel than that committed by Sass. As was the panel in *Irons*, this Court is bound by *Sass* and, as the *Irons* panel, must find that Petitioner's due process rights were not violated. Suffice it to say that, with respect to the applicability of *Hayward*, this case most certainly does not present anywhere near the unusual circumstances found in that case.[5]

---

[5] *Hayward* may be an extreme case, and that the line where a prisoner's due process rights are violated may very well fall somewhere short of the "unusual" facts presented in *Hayward*. In the opinion of this Court, this case, given the nature of the crime and the victim as well as the relatively short time in excess of the minimum sentence Petitioner has served, is not the appropriate case in which to set that line.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed October 30, 2007, are adopted in full;
2. Petitioner's application for a writ of habeas corpus is DENIED; and
3. The Clerk of the Court to enter final judgment accordingly.

Dated: April 24, 2008.

                                                  s/ James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  United States District Judge